IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

HUNTER DOUGLAS INC.,

Plaintiff,

v.

GREAT LAKE WOODS, INC., and
WATERS EDGE BLINDS AND WINDOW TREATMENTS, LLC,

Defendants.

## COMPLAINT

Plaintiff Hunter Douglas Inc. ("Hunter Douglas") submits this Complaint for patent infringement against Defendants Great Lake Woods, Inc. ("Great Lake") and Waters Edge Blinds and Window Treatments, LLC ("Waters Edge") (collectively, the "Defendants") as follows:

### INTRODUCTION

1. The Plaintiff, Hunter Douglas, is a Delaware corporation with its principal place of business in Pearl River, New York. Hunter Douglas conducts business in Colorado, and is a world wide leader in the development, creation, manufacturing, distribution, and sale of window coverings and architectural products, including blinds.

2.      Hunter Douglas is the owner of, among others, the United States Patent No. 8,485,242 B2 ("the '242 Patent") for "Selective Titling For Blinds Including Driven Drums." A true and correct copy of the '242 Patent is attached as Exhibit 1 and incorporated herein.

3.      The Defendant Great Lake is a Michigan Corporation with its principal place of business in Holland, Michigan. Great Lake manufactures wood and laminated moulding products, and is the parent, manager, and affiliate of the Defendant Waters Edge. Great Lake created Waters Edge to manufacture, distribute, and sell the company's window covering products, including blinds.

4.      The Defendant Waters Edge is a Michigan Limited Liability Company with its principal place of business in Holland, Michigan. Through the Great Lake facility, Waters Edge manufactures, distributes, and sells window covering products, including blinds.

5.      This lawsuit concerns Defendants' infringement of the Hunter Douglas '242 Patent.

6.      Subject matter jurisdiction exists under 28 U.S.C. § 1331, 1332, and 28 U.S.C. § 1338. This case presents a well-pleaded federal question under the Patent Act of 1952 (as amended), 35 U.S.C. §§ 1, *et seq*.

7.      The exercise of *in personam* jurisdiction over Defendants in this case comports with the laws of the State of Colorado and the constitutional requirements of due process because Defendants transact business within the State of Colorado.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b), (c) and (d), where a substantial part of the acts of infringement by Defendants have occurred within the State of Colorado, and Hunter Douglas has a regular and established place of business in Colorado.

9. There are no current related actions in this District.

## GENERAL ALLEGATIONS

10. On July 16, 2013, the Commissioner for Patents with the United States Patent and Trademark Office issued the '242 Patent. Hunter Douglas is the assignee and owner of the '242 Patent, and it owns valid and enforceable rights in and to the '242 Patent. Hunter Douglas further manufactures, uses, and sells blinds that utilize features claimed under the '242 Patent, including in its "Reveal Blinds."

11. Specifically and among other things, the '242 Patent claims a blind for selectively covering an architectural opening, comprising; a head rail; a plurality of slats suspended from the head rail, including a plurality of pairs of upper and lower adjacent slats; first and second ladder tapes extending downwardly from said head rail, each of said first and second ladder tapes including a front tilt cord and a rear tilt cord, wherein the first ladder tape supports and is operatively connected to tilt the upper slats of each pair of upper and lower adjacent slats and the second ladder tape supports and is operatively connected to tilt the lower slats of each pair of upper and lower adjacent slats, each of said tilt cords having a first end; a tilt rod in driving engagement with the first ends of the front and rear tilt cords of the first and second ladder tapes, wherein rotation of said tilt rod raises and lowers the front and rear tilt cords of the first and second ladder tapes to move the slats from a first position in which the upper and lower adjacent slats of each pair are stacked against each other in a double pitch open position to a second position in which the pairs of upper and lower slats are in a tilted closed position.

12. Defendants manufacture, use, offer to sell, and/or sell blinds throughout the United States, including within Colorado, which have these features that are covered by the '242

Patent. By way of illustration, and without limitation, Defendants distribute the "Doubleview Blind" ("Doubleview"), which contains each and every limitation recited in at least claims 12-18 of the '242 Patent.

13. Defendants have manufactured, used, offered to sell, and/or sold blinds that contain each and every limitation recited in at least claims 12-18 of the '242 Patent, with full knowledge of the claims in the '242 Patent, and with full knowledge of Hunter Douglas' rights therein.

14. Hunter Douglas' blinds compete directly with blinds manufactured, used, offered for sale, and/or sold by Defendants.

15. Hunter Douglas has notified the Defendants that they are infringing on the '242 Patent. Despite this notice, the Defendants have refused to stop selling blinds that infringe the '242 Patent.

## FIRST CLAIM FOR RELIEF

(Direct Patent Infringement – 35 U.S.C. § 271(a))

16. Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Hunter Douglas owns valid and enforceable patent rights in the '242 Patent.

18. Defendants have manufactured, used, offered for sale, and/or sold, and continue to manufacture, use, offer to sell, and/or sell blinds, including but not limited to the Doubleview Blinds, that incorporate each and every element of at least claims 12-18 of the '242 Patent, and therefore infringe the '242 Patent.

19. Defendants' direct infringement of the '242 Patent have been with full knowledge of the '242 Patent and Hunter Douglas' rights therein.

20. As a result of Defendants' direct infringement of Hunter Douglas' rights in the '242 Patent, Hunter Douglas has suffered and will continue to suffer damages in an amount to be shown at trial.

21. Defendants' willful infringement of Hunter Douglas' rights in the '242 Patent warrants an award of treble damages under 35 U.S.C. § 284.

22. Defendants' willful infringement of Hunter Douglas' rights in the '242 Patent makes this an exceptional case warranting an award of Hunter Douglas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

23. As a result of Defendants' continuing direct infringement of Hunter Douglas' rights in the '242 Patent, Hunter Douglas is suffering irreparable harm. If Defendants' infringing conduct is not enjoined, Hunter Douglas will continue to suffer irreparable harm. As a result, Hunter Douglas is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## SECOND CLAIM FOR RELIEF

(Active Inducement of Patent Infringement – 35 U.S.C. § 271(b))

24. Hunter Douglas incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Upon information and belief, Defendants have actively and knowingly given their customers and resellers instructions on using blinds, including but not limited to the Doubleview Blinds, in a manner that Defendants knew directly infringed and continues to infringe at least claims 12-18 of the '242 Patent.

26. As a result of Defendants' active inducement of their customers' and resellers' infringement of Hunter Douglas's rights in the '242 Patent, Hunter Douglas has suffered and will continue to suffer damages in an amount to be shown at trial.

27. Defendants' active inducement of their customers' and resellers' infringement of Hunter Douglas's rights in the '242 Patent warrants an award of treble damages under 35 U.S.C. § 284.

28. Defendants' active inducement of their customers' and resellers' infringement of Hunter Douglas's rights in the '242 Patent makes this an exceptional case warranting an award of Hunter Douglas's reasonable attorneys' fees and costs under 35 U.S.C. § 285.

29. As a result of Defendants' continuing active inducement of their customers' and resellers' infringement of Hunter Douglas's rights in the '242 Patent, Hunter Douglas is suffering irreparable harm.  If Defendants' conduct is not enjoined, Hunter Douglas will continue to suffer irreparable harm.  As a result, Hunter Douglas is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hunter Douglas prays that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

A. A permanent injunction barring the Defendants, their officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and all other persons acting in concert or participation with or under authority of the Defendants, from:

    1. Manufacturing, using, offering to sell, selling, and/or importing any products that infringe Hunter Douglas's rights in the '242 Patent; and

    2. Actively inducing direct infringement of the '242 Patent.

B. An award of damages in an amount to be determined by the jury, but in no event less than a reasonable royalty to Hunter Douglas for the rights secured in the '242 Patent.

C. An award of treble damages in compensation for the exceptional circumstances of Defendants' infringement of Hunter Douglas's rights in the '242 Patent.

D. An award of reasonable attorney's fees and costs incurred by Hunter Douglas in the litigation of this matter.

E. Such other relief as the Court may deem just and proper to award.

Dated:  January 15, 2015    BRYAN CAVE LLP

              By: *s/Peter J. Korneffel, Jr.*
                Peter J. Korneffel, Jr.
                Erin A. Kelly
                1700 Lincoln Street, Suite 4100
                Denver, CO 80203-4541
                Phone:  303-866-0233
                Fax: 303-866-0200
                peter.korneffel@bryancave.com
                erin.kelly@bryancave.com

              ATTORNEYS FOR PLAINTIFF