IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00106-REB-KLM

HUNTER DOUGLAS INC.,

Plaintiff,

v.

GREAT LAKE WOODS, INC., and
WATERS EDGE BLINDS AND WINDOW TREATMENTS, LLC,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6)** [#10][1] (the "Motion"). Plaintiff filed a Response [#18] in opposition to the Motion, and Defendants filed a Reply [#19]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D. C. COLO. L. Civ. R. 72.1(c), this matter has been referred to the undersigned for recommendation. The Court has reviewed the Motion, Response, Reply, the case file, and the applicable law. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#10] be **DENIED.**

## I. Background

Defendants', through the Motion [#10], assert that the Court lacks subject matter

---

[1] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

jurisdiction over Plaintiff's claims and personal jurisdiction over Defendants.[2] *See generally Motion* [#10]. The Court examines each claim in turn after reciting material allegations from the Complaint.

Plaintiff Hunter Douglas Inc. ("Plaintiff") initiated this lawsuit on January 15, 2015. *See generally Compl.* [#1]. Plaintiff is a Delaware corporation with its principle place of business in Pearl River, New York, which conducts business in Colorado. *Id.* ¶ 1. Plaintiff is owner of U.S. Patent No. 8,485,242 B2 ("the '242 Patent"). *Id.* ¶ 2. Plaintiff alleges patent infringement on the part of Defendants Great Lake Woods, Inc. ("Great Lake") and Waters Edge Blinds and Window Treatments, LLC ("Waters Edge"). *Id.* ¶ 5. Defendant Great Lake is a Michigan corporation with its principal place of business in Holland, Michigan, and is parent, manager, and affiliate of Defendant Waters Edge. *Id.* ¶ 3.

---

[2] The Court notes that although Defendants' Motion formally references Rules 12(b)(1) and 12(b)(6), Defendants have only provided arguments regarding dismissal pursuant to Rule 12(b)(1) and 12(b)(2). Other than stating conclusorily that "no valid claim can be stated on the facts," Defendants provide no legal analysis to support dismissal under Rule 12(b)(6). *Motion* [#10] at 8. It is not the Court's responsibility to sua sponte construct arguments in support of Defendants' Motion. *See, e.g., Continental Materials Corp. v. Affiliated FM Ins. Co.*, No. 10-cv-02900, 2012 WL 4442743, at *7 (D. Colo. Sept. 26, 2012) (stating that it is not the responsibility of the Court to flesh out the defendant's contention of hearsay where the defendant "failed to provide any argument or direct the Court's attention to any specific portion of the record"); *Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995) (stating that a litigant "should be required to assume some minimum responsibility ... for an orderly and expeditious resolution of [the] dispute"); *Ankeney v. Creany*, No. 09-cv-02085, 2011 WL 7094380, at *3 (D. Colo. June 30, 2011) (stating that it was the party's responsibility, not the Court's, to obtain and present support for his argument); *Georgacarakos v. Wiley*, No. 07-cv-01712, 2011 WL 940803, at *3 (D. Colo. Mar. 16, 2011) (stating that "the Court will not take on the responsibility of serving as the [litigant's] attorney, such as constructing arguments and searching the record for evidence in support of the [litigant's] contentions" (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F. 3d 836, 840 (10th Cir. 2005))); *Ajaj v. Fed. Bureau of Prisons*, No. 08-cv-02006, 2011 WL 902440, at *2 (D. Colo. Mar. 10, 2011) (same); *accord Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994) (stating that the court cannot "manufacture arguments" for a litigant, that claims not actually argued in the briefs will not be considered, and that the court "review[s] only issues which are argued specifically and distinctly in a party's ... brief"); *D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001) (stating that "bare assertion of an issue does not preserve a claim").

Defendant Waters Edge is a Michigan limited liability company with its principle place of business in Holland, Michigan. *Id.* ¶ 4. Plaintiff alleges that Defendant Great Lake created Defendant Waters Edge for the purpose of manufacturing, distributing, and selling the company's window covering products, including blinds. *Id.* ¶ 3. Plaintiff argues that Defendants have manufactured, used, offered for sale, and/or sold, and continue to manufacture, use, offer to sell, and/or sell blinds with components in violation of Plaintiff's '242 Patent rights. *Id.* ¶ 18. Plaintiff alleges that a substantial part of the acts of infringement by Defendants occurred within the state of Colorado and that Defendants have a regular and established place of business in Colorado. *Id.* ¶ 8. Plaintiff alleges that although Defendants are headquartered in New York state, their main facility for North America is located in Broomfield, Colorado. *Response* [#18] at 3.

## II. Standard

### A. Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) attacks a court's subject matter jurisdiction. The determination of a court's jurisdiction over the subject is a threshold question of law. *Madsen v. United States ex. rel. United States Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). The objection that a federal court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). If at any time, the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506.

The Court will accept the well-pled allegations (namely the plausible, nonconclusory,

and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods.*, LLC, 341 F. Supp. 2d 1186, 1189 (D. Colo. 2004). Any factual disputes are resolved in the plaintiff's favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). The Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Deberry v. Davis*, 460 F. App'x 796, 799 (10th Cir. 2012) (internal quotations and citation omitted). A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). "[I]t is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

**B. Fed. R. Civ. P. 12(b)(2): Personal Jurisdiction**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is to

examine whether the Court has personal jurisdiction over the named parties. After a motion to dismiss is filed, the plaintiff bears the burden of establishing personal jurisdiction over the defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, "the Due Process Clause requires that [the Court] further consider whether the exercise of personal jurisdiction over [the] defendant would nonetheless offend traditional notions of fair play and substantial justice." *Impact Prods*., 341 F. Supp. 2d at 1190.

## III. Analysis

### A. Lack of Subject Matter Jurisdiction

Defendants first argue that the Court lacks subject matter jurisdiction because there is no live justiciable case or controversy. *Motion* [#10] at 3. In the Complaint [#1], Plaintiff seeks a permanent injunction against Defendants and damages to compensate for Defendants' alleged infringement. *Compl.* [#1] at 6-7. Defendants argue that having ceased sales of the allegedly infringing product and offered a reasonable royalty, thus providing Plaintiff with everything it wanted, a justiciable case or controversy no longer exists. *Id.* at 4. Plaintiff argues that Defendants' promise "not to engage in the alleged infringing activities [ ] falls squarely within the voluntary cessation exception to mootness and, thus, [ ] Defendants' attempt to dismiss the Complaint [#1] fails." *Response* [#18] (internal citations omitted). It has long been held that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the

legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000); *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). The "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness." *W.T. Grant Co.*, 345 U.S. at 698. Defendants have not met this burden. As Plaintiff notes, as of the date of the Response [#18], "it is unclear here whether the Defendants have actually stopped manufacturing and selling [the allegedly infringing material at] websites, such as http://3blindmiceusa.com/search/doubleview/". *Response* [#18] at 11.

After Plaintiff filed the Complaint [#1], Defendants allegedly offered "not to engage in the alleged infringing activities until Plaintiff's patent rights have expired or a court of competent jurisdiction has declared that the alleged infringing activity falls outside the scope of Plaintiff's patent claims." *Motion* [#10] at 2-3. Plaintiff asserts that Defendants' refusal "to provide disclosures of their sales and claims, assurances that no further infringement would occur, some compensation based on sales, and [to reach] resolution before forcing [Plaintiff] to incur additional expenses in enforcing its patent rights" prevented the parties from reaching a settlement. *Response* [#18] at 9. The Court construes this statement to mean that Plaintiff rejected Defendants' settlement offer. Defendants argue that the Court lacks jurisdiction because their offer makes Plaintiff's claims moot.[3] Defendants primarily cite to case law predating the United States Supreme Court decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), and subsequent cases

---

[3] Regarding this portion of the analysis, the Court assumes that Defendants have made an offer of judgment to Plaintiff that would provide the full amount of their potential recovery. This issue is addressed more fully below.

from the District of Colorado analyzing the consequences of that decision. *See Delgado v. Castellino Corp.*, No. 13-cv-03379-MSK-MJW, 2014 WL 4339232 (D. Colo. Sept. 2, 2014); *Perez v. Pinon Mgmt., Inc.*, No. 12-cv-00653-RM-MEH, 2013 WL 1149567 (D. Colo. Nov. 4, 2014); *Witt v. GC Servs. Ltd. P'ship*, No. 13-cv-02834-RBJ-CBS, 2015 WL 273838 (D. Colo. Jan. 20, 2015). Chief Judge Krieger thoroughly explained in *Delgado v. Castellino Corp.*, 2014 WL 4339232, at *1-2, that non-acceptance of a defendant's offer of settlement in the full amount of the plaintiffs' possible recovery does not render the plaintiffs' claim moot. As Judge Jackson later succinctly summarized:

> [T]he Court agrees . . . that the dissenting opinion in *Genesis Healthcare*, which finds that non-acceptance does not moot a plaintiff's claim, is the better reasoned approach. I pause to add that in this respect the dissent did not disagree with a position taken by a majority of the Supreme Court, but instead addressed a question that the majority declined to confront. As the court explained in *Delgado*, "four members of the dissent have indicated, in stark and unflinching terms, that they absolutely reject the notion that an unaccepted Offer of Judgment can operate to moot a plaintiff's claim." 2014 WL 4339232, at *3. On the other hand, "the majority merely assumes the applicability of a doctrine that the dissent so vigorously rejects, never actually endorsing it." *Id.* (emphasis in original). The *Delgado* order also expands on the Tenth Circuit *Lucero* [*v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011),] opinion, explaining that it "expresses only lukewarm enthusiasm for the [mootness-by-unaccepted-offer] doctrine, acknowledging only that 'other circuits have concluded' that a sufficient offer activates the mootness doctrine." *Id.* (quoting *Lucero*, 639 F.3d at 1243). This Court agrees with Chief Judge Krieger's analysis. Given the weight of the statements of four justices of the Supreme Court alongside the failure of the Tenth Circuit to ever expressly adopt the mootness-by-unaccepted-offer doctrine, the Court errs on the side of caution and finds that [Plaintiff]'s claims are not moot.

*Witt*, 2015 WL 273838, at *2.

As noted, the Tenth Circuit has never directly addressed the mootness-by-unaccepted-offer doctrine, and last indirectly addressed the doctrine in a 2011 opinion. *See Lucero*, 639 F.3d at 1243. Justice Kagan explained in her 2013 *Genesis Healthcare*

dissenting opinion that "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. By [this] measure[ ], an unaccepted offer of judgment cannot moot a case. . . . [Rule 68] prohibits a court from considering an unaccepted offer for any purpose other than allocating litigation costs—including for the purpose of entering judgment for either party. . . . The Rule provides no appropriate mechanism for a court to terminate a lawsuit without the plaintiff's consent." *Genesis Healthcare*, 133 S. Ct. at 1533, 1536 (Kagan, J., dissenting) (internal quotation marks and citations omitted).[4]

Considering the 2013 opinions in *Genesis Healthcare* and the subsequent trend in this District as embodied by *Delgado*, *Perez*, and *Witt*,[5] the Court agrees with Plaintiff that its claims are not moot simply because it did not accept an offer of settlement that purportedly would afford it full relief on its claims. *Response* [#15] at 9. Because Plaintiff's claims are not moot, the Court has the authority to exercise subject matter jurisdiction over the case.

**B. Lack of Personal Jurisdiction**

Defendants maintain that Plaintiff has failed to provide sufficient evidence of "minimum contacts" by Defendants to support the Court's exercise of personal jurisdiction.

---

[4] The Court notes that although the *Genesis* line of cases involve offers of judgment under Rule 68, there is no reason to reject its logic in cases where there is an unaccepted settlement offer which is not made under Rule 68.

[5] The Court acknowledges that there is a split in this District regarding this issue. Judge Daniel in *Jacobson v. Credit Control Services, Inc.*, No. 13-cv-03307-WYD-MJW, 2014 WL 4636449, at *2 (D. Colo. Sept. 17, 2014), determined that "when an Offer of Judgment unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot." The analysis, however, did not consider the consequences of the Supreme Court's decision in *Genesis Healthcare*.

*Reply* [#19] at 5. Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *Trintec Indus. Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005). The Court looks to Federal Circuit precedent when analyzing personal jurisdiction in patent cases. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). The Federal Circuit looks to the relevant state's long-arm statute to determine whether it permits the assertion of personal jurisdiction over the defendant. *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). With its adoption of Colorado's long-arm statute, § 13-1-124(1), 5 C.R.S. (20015), the Colorado General Assembly made clear its intent "to extend the personal jurisdiction of Colorado's courts to their maximum limits permissible under the United States and Colorado Constitutions." *Scheuer v. Dist. Court, In & For City & Cty. of Denver*, 684 P.2d 249, 250 (Colo. 1984). The analysis, therefore, collapses into a single inquiry as to whether the requirements of due process are satisfied. *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002); *Ball Metal Beverage Container Corp. v. CML&J, LLC*, No. 1:13-cv-00695, 2013 WL 3270614, at *2-3 (D. Colo. June 27, 2013)

The Due Process Clause "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). Minimum contacts may be established in two ways:

> First, general personal jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum state such that exercising personal jurisdiction is appropriate even if the cause of action does not arise out of those contacts. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003). Second, specific personal jurisdiction

> exists where the cause of action is "related to" or "arises out of" the defendant's activities within the forum state. See *Helicopteros Nacionales*, 466 U.S. at 414 (citation omitted). In such cases, the court may exercise jurisdiction "even if the defendant's contacts are isolated and sporadic." *Silent Drive*, 326 F.3d at 1200 (internal quotation marks omitted) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).

*Magpul Indus. v. Big Rock Sports, LLC*, No. 13-cv-01982, 2014 WL 1408271, at *2 (D. Colo. Apr. 11, 2014).

Defendants correctly note that "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) (noting that in the internet context, specific jurisdiction asks whether a defendant "deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state.") *Reply* [#19] at 6.

Contrary to Defendants' assertions, after examining the Complaint [#1], the Court finds that Plaintiff has alleged enough facts to sustain personal jurisdiction over Defendants. Plaintiff first alleges that Defendants maintain "a regular and established place of business **in Colorado**." *Compl.* [#1] ¶ 7 (emphasis added). This allegation alone provides the necessary basis for the Court to legitimately exercise jurisdiction over Defendants. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (providing that a **nonresident's** physical presence within the territorial jurisdiction of the court is not required, but that "certain minimum contacts [are required] . . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"(quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Court is not aware of any case that

stands for the proposition that maintenance of a facility within the forum state is insufficient to support personal jurisdiction over the owner of the facility.

Plaintiff also alleges that the direct and indirect patent infringement claims arise out of or relate to Defendants "business within the State of Colorado." *Id*. ¶ 8; see also Response [#18] at 16 (alleging Defendants purposefully directed "their activities at residents in Colorado by advertising products in Colorado via the Internet, selling and shipping the [allegedly infringing products] to Colorado residents, and deriving revenue from goods and services supplied into the state of Colorado and/or used within the state of Colorado"). "The situs of an injury from patent infringement is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee." *Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1243 (D. Colo. 2010). A patent holder suffers economic loss (1) at the place "where the infringing sale is made because the patent owner loses business there" and (2) at both the place where infringement is induced and the place where the third-party ultimately infringes the patent. *Id*.; *Magpul Indus*., 2014 WL 1408271, at *3. Plaintiff alleges that Defendants sold the infringing products within the state of Colorado. *Compl*. [#1] at ¶¶ 12-13. Plaintiff also alleges that Defendants have actively and knowingly given instructions to customers and resellers on the use of the infringing products within the state of Colorado, thus inducing a violation of Plaintiff's '242 Patent rights. *Id*. at ¶¶ 7, 25-26. Making the necessary inferences, Plaintiff's alleged injury caused by Defendants' patent infringement and induced infringement occurred within Colorado because Defendants sold and shipped the accused products to Colorado residents, Plaintiff lost business in Colorado, and third parties were induced to infringe and ultimately infringed the patent in Colorado.

Further, Defendants do not argue that the Court's exercise of personal jurisdiction over Defendants would nonetheless offend traditional notions of fair play and substantial justice. *See generally Motion* [#10]; *see also Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) (holding that "the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction [and . . . . ] an especially strong showing of reasonableness may serve to fortify a borderline showing of [minimum contacts]") *accord Burger King*, 471 U.S. at 477. Plaintiff alleges purposeful availment by Defendants maintenance of a regular place of business in Colorado which, if true, is compelling. *Compl*. [#1] ¶ 7. Defendants have not shown that prosecution of the case in Colorado presents an especially heavy burden on Defendants; nor have they called into doubt the forum state's interest in resolving the dispute, Plaintiff's interest in receiving convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, or the shared interest of the several states in furthering fundamental substantive social policies. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998). Therefore, the Court finds personal jurisdiction over Defendants is appropriate in this case.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#10] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 24, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge