IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00106-REB-KLM

HUNTER DOUGLAS INC.,

   Plaintiff,

v.

GREAT LAKE WOODS, INC., and
WATERS EDGE BLINDS AND WINDOW TREATMENTS, LLC,

   Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on Defendants' **Motion for Stay of Damages Discovery, and Bifurcation of Discovery, Limiting Discovery to Patent Claim Construction Discovery** [#30] (the "Motion"). Plaintiff filed a Response [#36] in opposition to the Motion, and Defendants filed a Reply [#37]. In the Motion [#30], Defendants seek an order "limiting discovery to claim construction [and] liability[ ] discovery; and . . . staying damages[-]related [d]iscovery . . . and other related due dates in this matter pending the Court's decision on the merits of Defendants' pending Rule 12(b)(1) and Rule 12(b)(6) motions (Doc. #10)." *Motion* [#30] at 1. The present Motion [#30] was fully briefed on January 11, 2016. On January 20, 2016, the parties jointly requested a brief extension of certain deadlines due to settlement negotiations. *See Joint Motion for Order Modifying Claim Construction Briefing Deadlines* [#38]. The request was granted, but the parties were unable to resolve the lawsuit. *See* [#41]. On February 24, 2016, a Recommendation [#43] on the pending Motion to Dismiss [#10] was issued. Given the Recommendation [#43] that the Motion to Dismiss be denied [#10],

   IT IS HEREBY **ORDERED** that the Motion [#30] is **DENIED as moot**.[1]

   Dated: February 25, 2016

---

[1] The Court acknowledges that Defendants' briefs [#30, #37] provide a moving target regarding the requested stay and bifurcation of discovery. *See, e.g.*, *Reply* [#37] at 10 (stating that a stay of damages discovery should remain until claim construction is concluded). Despite Defendants' protestations to the contrary, bifurcation of discovery would require amendment of the Scheduling Order [#13], and Defendants have failed to provide good cause pursuant to Fed. R. Civ. P. 16(b)(4) to amend the Scheduling Order to bifurcate discovery at this late date when discovery was permitted to commence on May 12, 2015, the date when the Scheduling Order [#13] in this case was entered.